FILED: 6/21/2022 11:53 AM
Vickie Edgerly, District Clerk
Orange County, Texas
Envelope No. 65623896
Reviewed By: Justin Rhodes

CAUSE NO. 220202-C

| | | |
|---|---|---|
| OSCAR DAVIS | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | 128th JUDICIAL DISTRICT |
| | § | |
| | § | |
| FEDNAT INSURANCE COMPANY AND | § | |
| CHAD MAGEE | § | |
| | § | |
| *Defendants* | § | ORANGE COUNTY, TEXAS |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PLAINTIFF, OSCAR DAVIS (the "Plaintiff" or "Davis") complaining of and against FEDNAT INSURANCE COMPANY ("FEDNAT") and CHAD MAGEE ("MAGEE") and hereby respectfully shows unto the Court and Jury as follows:

### I.
### DISCOVERY CONTROL PLAN & REQUEST FOR EXPEDITED ACTION UNDER TRPC 169

1.      Plaintiff intends for discovery to be conducted under Level 1 of Texas Rule Civil Procedure 190.2. In the event that the parties require a more tailored form of discovery, the parties will submit a tailored discovery control plan to the Court, but otherwise ask that all deadlines imposed by Tex. R. Civ. P. 190.2 be followed in this matter. **Accordingly, the parties ask that this Court impose the deadlines under Tex. R. Civ. P. 169 when issuing the docket control order.**

### II.
### PARTIES

2.      Plaintiff, OSCAR DAVIS is an individual, resident of Orange County, Texas, and citizen of the state of Texas.

*Plaintiff's Original Petition*          Page **1** of **14**

EXHIBIT - A-3

3.      Defendant, FEDNAT is a foreign insurance company doing business in the state of Texas. FEDNAT may be served with process by serving its registered agent for service: Corporate Creations Network Inc, 5444 Westheimer Rd. STE 100, Houston, Texas 77056-5318.

4.      Defendant, CHAD MAGEE, is a resident and a citizen of Tarrant County and a citizen of the state of Texas. MAGEE may be served with process by serving him via certified mail, return receipt requested at the following address: 2821 Spotted Owl Lane, Suite 270, Fort Worth, Texas 76244.

III.
JURISDICTION AND VENUE

5.      This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

6.      Venue is mandatory and proper in Orange County, Texas because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* TEX. CIV. PRAC. & REM. CODE § 15.002).

7.      FEDNAT engages in the business of insurance in the State of Texas. The conduct of FEDNAT in the State of Texas includes:

        (a)     The making and issuing of contracts of insurance with the Plaintiff;

        (b)     The taking and receiving the application of insurance for insurance from the Plaintiff;

        (c)     The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

        (d)     The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

8.      Pursuant to Tex. R. Civ. P. 47, Plaintiff pleads that the amount in controversy is under

$250,000, excluding interest, statutory or punitive damages and penalties, and attorney's fees and

costs. *See* Tex. R. Civ. P. 47(c)(1).

IV.
CONDITIONS PRECEDENT

9.      All conditions precedent to recovery have been performed, waived, or have

occurred.

V.
JUDICIAL NOTICE

10.     Plaintiff requests this Court take judicial notice of Title 28 of the Texas Administrative

Code, specifically 28 T.A.C. §21.201 et seq. relating to "Unfair Claims Settlement Practices

Rules" including 28 T.A.C. §21.203 through §21.205. *See* Tex. R. Evid. 204(b)(2).

*11.*    Plaintiff requests this Court take judicial notice of 28 T.A.C. §5.997(a), (d)-(e), which

incorporates the Texas Department of Insurance's "Consumer Bill of Rights" for homeowners,

dwelling, and renter's insurance. *See* Tex. R. Evid. 204(b)(2).

VI.
AGENCY: ACTUAL/APPARENT AUTHORITY

12.     At all times relevant hereto, MAGEE, was acting as an agent of FEDNAT, with actual or

apparent authority and within the course and scope of their agency relationship.

VII.
FACTS

A. The Policy.

13.     FEDNAT  sold Plaintiff a homeowner's insurance policy, policy number FNT378151501

(hereinafter referred to as the "policy").   The policy in question contains coverage for damages

sustained to Hurricane Laura on August 27, 2020.  During the underwriting process, FEDNAT

determined that the risk was acceptable without any modifications, alterations, or changes to the property.

14.   The insuring agreement required the plaintiff to make payments to FEDNAT and in exchange the insurance company would indemnify the plaintiff in the event of a covered loss. Plaintiff faithfully paid the required premium, and the relevant policies are currently in full effect, providing property, personal property, loss of use, and other coverages.

15.   Plaintiff reasonably expected that the policy he purchased from FEDNAT included coverage for hurricane damage including coverage for his dwelling, other structures, personal property, debris removal, and loss of use of the property.

     B. Hurricane Laura

16.   Hurricane Laura reached Category 4 status with wind speeds of 150 MPH and gust of 185 MPH as landfall was made around 1:00 AM on August 27, 2020, near Cameron, Louisiana. Hurricane Laura maintained 140 MPH wind speed with gust of 185 MPH as it passed just east of Hackberry, Louisiana.  Laura maintained Category 4 status until passing Dequincy, Louisiana. Hurricane Laura maintained Level 1 status until passing Jonesboro, LA.

17.   The property in question is less than 70 from passage of the eye center.  Hurricane force winds extended out from the eye sixty miles.  The property in question sustained hurricane-forced winds, including gusts in excess of sustained winds, from the only Category 4 hurricane to make landfall in Louisiana.

18.   Because of the severity of Hurricane Laura, the Plaintiff was under mandatory evacuation beginning on August 25 and extending until August 28, 2020.

19.    On or about August 27, 2020, Plaintiff's property sustained damages from Hurricane Laura.  Plaintiff discovered wind damage to his home, including damage to the roof, other structures, and exterior elevations of the home.

C. The Insurance Claim

20.    Plaintiff filed a claim with his insurance company, FEDNAT, for the damages to his property caused by Hurricane Laura.  Plaintiff asked that FEDNAT cover the cost of repairs to the property pursuant to the policy and any other available coverages under the policy.

21.    FEDNAT assigned its investigative duties, claims handling, and coverage decisions to third-party company Transcynd.  Transcynd appointed Chad Magee to inspect the property on September 18, 2020. The inspection failed to identify any the damage to the kitchen/dining room, front bedroom, and master bedroom.

22.    On October 2, 2020, FEDNAT sent Plaintiff an email notifying Plaintiff that a payment was tendered in the amount of $12,923.63 for Coverage A and $10,389.69 for Coverage B. The amount offered for the covered damage failed to include all of the damaged property.

23.    An independent assessment of the damage concluded that the damages to the property were in excess of the amount paid by the Defendant.  In addition, Defendant made payments to the Insured late – both on the contractual deadlines and the Texas Insurance Code.  Significant dates in the claims handling are described in the table below:

| Date | Activity |
| --- | --- |
| August 25, 2020 | Mandatory Evacuation order issued for Orange County, Texas. |
| August 27,2020 | Hurricane Laura made landfall. |
| August 28, 2020 | Mandatory Evacuation order lifted. |
| September 18, 2020 | Adjuster for FEDNAT inspected the property; Plaintiff showed the adjuster all damages to the property. |
| October 2, 2020 | FEDNAT issues payment for the damages FEDNAT deemed as covered damages in the amount of $12,923.63 for Coverage A and $10,389.69 for Coverage B. |

*Plaintiff's Original Petition*          **Page 5 of 14**

| March 31, 2021 | Brasher Law Firm sends letter of representation. |
|---|---|
| October 1, 2021 | Brasher Law Firm sends notice letter with an estimate of damages in the amount of $102,766.83, no response to date |

24.     FEDNAT and MAGEE failed to conduct a reasonable investigation and failed to properly adjust the claim, which resulted in an improper denial of part of Plaintiff's claim. Defendant's unreasonable investigation resulted in an improper denial of a valid claim and underpayment of proceeds due under the policy. As a result of Defendant's unreasonable investigation and handling of the claim, the damages to Plaintiff's property worsened. As a further cause of defendant's acts and omissions, Plaintiff sustained and continues to sustain damages as a result of defendant's conduct.

25.     To date, FEDNAT continues to deny coverage for a valid claim and continues to deny payment for proceeds due under the policy. As such, Plaintiff's claim remains unpaid, and Plaintiff has not been able to properly repair the Property.

26.     FEDNAT failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the policy. Specifically, it failed and refused to pay full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. FEDNAT'S conduct constitutes a breach of the insurance contract between FEDNAT and Plaintiff.

27.     FEDNAT and MAGEE failed to attempt to settle Plaintiff's claim in a fair and equitable manner, although FEDNAT'S liability to pay Plaintiff was reasonably clear under the Policy. FEDNAT and MAGEE'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

28.    FEDNAT refused to fully compensate Plaintiff under the terms of the Policy, even though FEDNAT and MAGEE failed to conduct a reasonable investigation. Specifically, FEDNAT and MAGEE performed an outcome-oriented investigation by ignoring evidence supporting coverage. FEDNAT and MAGEE'S unreasonable investigation resulted in a biased, unfair, and inadequate evaluation of Plaintiff's losses and resulted in further damage to Plaintiff's property. FEDNAT and MAGEE'S conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

29.    FEDNAT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim, and timely making payments. FEDNAT'S conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

## VIII.
## CAUSES OF ACTION

### COUNT 1: FEDNAT breached its contract with Insured.

30.    Plaintiff incorporates by reference the above paragraphs as if stated herein more fully.

31.    To prevail on a valid breach of contract claim, a plaintiff must prove that 1) there was a valid contract; 2) that plaintiff has performed his obligations under the contract or tendered performance; 3) that the defendant has breached the contract in some manner; and 4) plaintiff has sustained damages as a result of defendant's breach. *See Brooks v. Excellence Mortgage, Ltd.*, 486 S.W.3d 29, 36 (Tex.App.—San Antonio 2015, pet. denied).

32.    At the time Hurricane Laura damaged Plaintiff's property, Plaintiff had in place a policy issued by FEDNAT. Defendant does not dispute that a valid contract was in place.

33.    Plaintiff's premiums were current, and all conditions precedent to recovery were made. Furthermore, Plaintiff fulfilled his obligations under the policy, and more specifically, executed his duties under the contract after the loss.

34.    FEDNAT wrongfully failed to comply with the terms of the contract, as it relates to their duties after loss, by failing to conduct a reasonable investigation and timely pay Plaintiff the full benefits owed after a covered loss. FEDNAT is therefore in breach of the contract of insurance issued to Plaintiff.

35.    FEDNAT'S conduct constitutes a breach of contract resulting in damages to the Plaintiff.

COUNT 2: FEDNAT and MAGEE violated the Deceptive Trade Practice Act.

36.    Plaintiff incorporates by reference the above paragraphs as if stated more fully herein.

37.    Plaintiff is a "consumer" as defined by TEX. BUS. & COMM. CODE § 17.45(4). Plaintiff sought or acquired goods or services by purchasing those goods or services from FEDNAT and MAGEE . FEDNAT and MAGEE violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA") (TEX. BUS. & COM. CODE §17.44 et seq.) because they engaged in false, misleading and/or deceptive acts or practices that Plaintiff relied on to his detriment.

38.    The acts and omissions of Defendants also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

   a.    Committing false, misleading, or deceptive acts or practices as defined by §17.46(b); and

   b.    Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

39.    The acts and omissions of Defendants were a producing cause of the Plaintiff's damages.

40.    Defendants' conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of Defendants had actual awareness of the falsity, deception

or unfairness of the acts or practices giving rise to Plaintiff's claim and they acted with a specific intent that Plaintiff act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

41.     Plaintiff gave Defendants notice as required by DTPA §17.50(a), and time to respond to such notice has expired.

COUNT 3:  FEDNAT    violated §541 et seq. Texas Insurance Code.

42.     Plaintiff reincorporates by reference the above paragraphs as if stated herein more fully.

43.     FEDNAT and MAGEE  violated the TEXAS INSURANCE CODE § 541 et seq.  because they engaged in unfair and/or deceptive acts or practices in the business of insurance.  Specifically, its acts and omission include violation of:

(a)     Tex. Ins. Code §541.051;

(b)     Tex. Ins. Code §541.052;

(c)     Tex. Ins. Code §541.059;

(d)     engaging in unfair settlement practices by:

(i)     misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue TEX. INS. CODE §541.060(a)(1);

(ii)    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which liability has become reasonably clear TEX. INS. CODE §541.060(a)(2);

(iii)   failing to promptly provide Plaintiff a reasonable explanation of the factual and legal basis in the policy for the denial of the claim TEX. INS. CODE §541.060(a)(3);

(iv)    failing to affirm or deny coverage within a reasonable time or submit a reservation of rights letter TEX. INS. CODE §541.060(a)(4); and

(v)     refusing to pay a claim without conducting a reasonable investigation of the claim TEX. INS. CODE §541.060(a)(7).

(e)     misrepresenting Plaintiff's insurance policy by:

*Plaintiff's Original Petition*          Page **9** of **14**

      (i)     making an untrue statement of material fact TEX. INS. CODE §541.061(1);

      (ii)    failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made TEX. INS. CODE §541.061(2); and

      (iii)   making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact TEX. INS. CODE §541.061(2); and

   (f)   §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

44.    Defendants' conduct was committed knowingly because it had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiff's claim for damages under the TEXAS INSURANCE CODE.

45.    Plaintiff gave Defendants notice as required by §541.154 of the TEXAS INSURANCE CODE. The time to respond to such notice has expired.

46.    Defendants' conduct described above was a producing cause of Plaintiff's damages.

      COUNT 4:  FEDNAT  violated the Texas Prompt Payment of Claims Act

47.    Plaintiff reincorporates by reference the above paragraphs as if stated herein more fully.

48.    FEDNAT violated the Texas Insurance Code §§ 542.051 et seq. and 542A.001 et seq. because it failed to do the following within the statutorily mandated time of receiving all necessary information:

   (1) Failing to timely acknowledge the Plaintiff's claim;

   (2) Failing to commence an investigation of Plaintiff's claim;

   (3) Failing to request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadlines;

   (4) Failing to give proper notice of the acceptance or rejection of part or all of Plaintiff's claim;

(5) Failing to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all information;

(6) Failing to pay Plaintiff's claim or portions of the claim without delay; and

(7) Failing to include the requisite penalty interest on any and all payments made beyond the statutorily designated time to make payment in full for Plaintiff's claim.

49.    FEDNAT violated the Texas Insurance Code section 542 by:

(1) Knowingly misrepresented to the Plaintiff pertinent facts or policy provisions relating to coverage;

(2) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the policy;

(3) Not attempting in good faith to affect a prompt, fair, and equitable settlement of the claim when liability became reasonably clear; and

(4) Compelling Plaintiff to institute a suit to recover an amount due under the policy by offering substantially less than the amount ultimately recovered in the suit brought by Plaintiff.

50.    Such failures constitute violations of Texas Insurance Code Section 542.055, 542.056, 542.057, and 542.058. As a result of the foregoing violations, Plaintiff requests damages under Texas Insurance Code section 542.060.

COUNT 5: FEDNAT breached its duty of good faith and fair dealing.

51.    Plaintiff reincorporates by reference the above paragraphs as if stated more fully herein.

52.    FEDNAT owed Plaintiff a duty of good faith and fair dealing including the duty to pay covered claims when liability is reasonably clear. FEDNAT breached this duty when it conducted an unreasonable investigation, denied Plaintiff's claim, and misrepresented material facts because Defendant knew or should have known that it was reasonably clear that Plaintiff's claim was covered. Defendant's breach of this duty was a proximate cause of Plaintiff's damages.

<div style="text-align:center">COUNT 6: Misrepresentations</div>

53.     Plaintiff reincorporates by reference the above paragraphs as if stated more fully herein.

54.     FEDNAT made various representations to the Plaintiff regarding his claim, including material representations regarding the extent of damages sustained to Plaintiff's home, material representations regarding policy coverages, whether or not claims were covered, the value of claim, the application of policy exclusions, and the severity of the damage which were material and false. At the time FEDNAT made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth. Defendant made these representations with the intent that the Plaintiff act on them by not further pursuing claim or thinking there was no other money to recover.  Plaintiff relied on the representations, and this caused injury.

55.     A breach of fiduciary duty is a form of constructive fraud.  The acts and omissions of FEDNAT constitute constructive fraud.

<div style="text-align:center">IX.<br>AMBIGUITY</div>

56.     The policy in place at the time of the date of loss, policy number FNT378151501 contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss.

<div style="text-align:center">X.<br>WAIVER AND ESTOPPEL</div>

57.     FEDNAT has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

XI.
## DAMAGES

58.    As a direct result of Defendants' conduct, Plaintiff has suffered economic damages all of which he is entitled to recover.  Plaintiff is entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 10 percent a year as damages, together with reasonable attorney's fees.  Plaintiff is also entitled to recover mental anguish damages because Defendants acted in bad faith and because Defendants' knowing conduct was the producing cause of Plaintiff's mental anguish.

59.    Pursuant to the DTPA and the TEXAS INSURANCE CODE, Plaintiff is also entitled to recover treble damages because Defendants' conduct was committed knowingly.

60.    Plaintiff is entitled to exemplary damages as a result of Defendants' breach of duties owed. When viewed objectively from the standpoint of the Defendants at the time of the occurrence in question, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

XII.
## ATTORNEY'S FEES

61.    Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, DTPA § 17.50(d), and TEXAS INSURANCE Codes § 541.152 and §542.060, Plaintiff seeks recovery of his reasonable and necessary attorney's fees and court costs.

XIII.
## PRAYER AND JURY DEMAND

62.    For these reasons, Plaintiff asks that he have judgment against Defendants for economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary

attorney fees, pre-judgment, and post-judgment interest as allowed by law, costs of suit, and all

other relief to which Plaintiff may show himself entitled.  Plaintiff requests a trial by jury.

<div style="margin-left:40%">

Respectfully Submitted,
THE BRASHER LAW FIRM, PLLC

By: _____

Clint Brasher
Texas Bar No. 24009915
clint@brasherattorney.com
Nishi Kothari
Texas Bar No. 24087862
nishi@brasherattorney.com
Joe Muckleroy
Texas Bar No. 24065801
joe@brasherattorney.com
1122 Orleans St.
Beaumont, Texas 77701
(409) 832-3737 Telephone
(409) 832-3838 Fax
*Attorneys for the Plaintiff*

</div>